IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION (YOUNGSTOWN)

| | |
|---|---|
| *In re the Bankruptcy of:* | CHAPTER 7 CASE NO. 19-40909 |
| **KRYSTLE MARIE HORN,** | JUDGE: ARTHUR I. HARRIS |
| *Debtor.* | **DEBTOR'S MOTION TO REOPEN CHAPTER 7 BANKRUPTCY CASE** |

Debtor Krystle Marie Horn, through counsel and pursuant to 11 U.S.C. § 350(b), respectfully moves this Court for an order reopening the instant case so that she may seek relief, in the form of filing a motion enlarging the time to file the certificate of completion of the personal financial management course in order to obtain a discharge. A proposed motion for enlargement of time to file the course certificate is attached hereto as Exhibit A and will be filed if the case is reopened. A notice of the instant motion, with appropriate objection period, is being filed contemporaneously.

In support, Ms. Horn states that the case was closed without discharge due to the fact that the certificate evidencing her completion of the course was inadvertently not uploaded. However, Ms. Horn took the course on September 2, 2019, prior to the September 9, 2019 deadline and prior to the closure of the case. (*See* Personal Financial Management Course Certificate, attached hereto as Exhibit B.)

Courts have adopted a four-part test in determining whether cases should be reopened for purposes of permitting the late filing of a financial management course:

1. Whether there is a reasonable explanation for the failure to comply;
2. Whether the request was timely;
3. Whether the fault lies with counsel; and
4. Whether creditors are prejudiced.

*In re Ayers*, Bankr. N.D. Ohio 13-62672, 2015 WL 1133441 (March 12, 2015), citing *In re Johnson*, 500 B.R. 594, 597 (Bankr.D.Minn. 2013). But "in most cases, when a motion is timely filed, the court finds that cause is implicit[...]" *In re Ayers*, Bankr. N.D. Ohio 13-62672, 2015 WL 1133441 (March 12, 2015).

The circumstances here satisfy the four parts of this test:

1.  **There is a reasonable explanation for the failure to comply.** The court issued notice of the requirement to complete the course in late August. Ms. Horn completed the course almost immediately, on September 2. Counsel for Ms. Horn signed up for an "uploading" service offered by the course provider, but the certificate was not uploaded.

2.  **The request is timely.** This motion is filed very quickly—less than a month after the case was closed.

3.  **The fault lies with counsel.** Counsel missed the fact that the certificate was not uploaded although she had requested that service from the course provider. Counsel for Ms. Horn understands that it is her responsibility to ensure that the certificate is uploaded, and asks the Court not to penalize Ms. Horn for the oversight.

4.  **No creditors could be prejudiced by granting this relief.** Ms. Horn submits that there is no prejudice to creditors, given the shortness of the delay. No creditors have taken actions to resume collections against Ms. Horn and their position in the matter has not been changed for the worse by this short delay.

Accordingly, Ms. Horn respectfully seeks an order reopening this case. She incorporates by reference the attached (proposed) motion for enlargement of time to file the personal financial management course certificate (Exhibit A) and the personal financial management course certificate (Exhibit B).

Respectfully submitted,

/s/ Rebecca J. Sremack
Rebecca J. Sremack #0092313
Sremack Law Firm LLC
2745 South Arlington Road
Akron, Ohio 44312
Office: 330.644.0061
Fax: 330.644.7241
info@sremacklaw.com
*Co-counsel for Debtor*

# CERTIFICATE OF SERVICE

I certify that on October 10, 2019, a true and correct copy of the foregoing *Debtor's Motion to Reopen Chapter 7 Bankruptcy Case* was served:

Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the court's Electronic Mail Notice List:

    The U.S. Trustee

    Trustee Andrew W. Suhar at <asuhar@suharlaw.com>

    Rebecca J. Sremack on behalf of Debtor Krystle Marie Horn at <rebecca@sremacklaw.com>

    Billi F. Copeland King on behalf of Debtor Krystle Marie Horn at <attorneycopeland@me.com>

And by regular U.S. mail, postage prepaid, upon the following:

Capital One
Attn: General Correspondence/ Bankruptcy
Po Box 3115
Milwaukee, WI 53201

Capital One
Attn: General Correspondence/ Bankruptcy
Po Box 30285
Salt Lake City, UT 84130

CBNA/EXXON mobile
PO BOX 6497
Sioux Falls, SD 57117

CBNA/Sears
PO BOX
Sioux Falls, SD 57117

CBNA/Shell
PO BOX 6497
Sioux Falls, SD 57117

Chase Credit

PO Box 15298
Wilmington, DE 19850

Compass Bank
PO Box 11830
Birmingham, AL 35202

Kia Motors Finance
4000 Mcaaurthur Blve STE 1000
Newport Beach, CA 92660

PHEAA/Fed Loan Servicing
PO Box 60610
Harrisburg, PA 17106

PMI Coachella Valley
3775 El Dorado Blvd
Palm Springs, CA 92262

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541

Synchrony Bank/JCP
Attn: Bankruptcy

PO Box 965007  
Orlando, FL 32896  

Synchrony Bank/JCP  
Attn: Bankruptcy  
PO Box 965060  
Orlando, FL 32896  

Synchrony Bank/Walmart  
Attn: Bankruptcy  
Po Box 965024  
Orlando, FL 32896  

TD Bank USA/Target Credit  
PO Box 673  
Minneapolis, MN 55440  


/s/ Rebecca J. Sremack  
Rebecca J. Sremack #0092313  
*Co-counsel for Debtor*